Case No. 4:22-cv-01408

_____

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

_____

In the Matter of:  CLEVELAND IMAGING & SURGICAL HOSPITAL, L.L.C.
d/b/a Doctors Diagnostic Hospital,

        Debtor.

_____

CAMIL KREIT, *et al.*,

                Appellants,

v.

THE CLARO GROUP, LLC, *et al*.

                Appellees.

_____

APPEAL from the UNITED STATES BANKRUPTCY COURT for the
Southern District of Texas, Houston Division

_____

BRIEF FOR APPELLEE OKIN ADAMS BARTLETT CURRY LLP

_____

**OKIN ADAMS BARTLETT CURRY LLP**
Matthew S. Okin
Texas Bar No. 00784695
David L. Curry, Jr.
Texas Bar No. 24065107
Ryan A. O'Connor
Texas Bar No. 24098190
1113 Vine Street, Suite 240
Houston, Texas 77002
Telephone: (713) 228-4100
Facsimile: (346) 247-7158

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rules 8014(a)(1) and 8014(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Okin Adams Bartlett Curry LLP ("Okin Adams" or "Appellee") states that there is no parent corporation or publicly held corporation that owns 10% or more of its stock.

## CITATIONS TO RECORD

Citations to the record on appeal are designated "ROA" with the corresponding Bates number of the clerk's appellate record [ECF # 9] as transmitted to this Court. Citations to hearing transcripts contain the relevant hearing date, page and line numbers.

4872-5313-7704, v. 1

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT…………………………………………………..ii

TABLE OF CONTENTS…………………………………………………………………………iii

TABLE OF AUTHORITIES…………………………………………………………………….iv

STATEMENT OF JURISDICTION…………………………………………………………..…2

STATEMENT OF ISSUES PRESENTED…………………………………………………..…4

STATEMENT OF THE CASE…………………………………………………………………7

    A.  General Background…………………………………………………………………7

    B.  The Doctors' Actions Since the Petition Date……………………………………8

    C.  Events Leading to Sanctions Order and This Appeal……………………………10

SUMMARY OF THE ARGUMENT………………………………………………………...14

ARGUMENT……………………………………………………………………………………17

ISSUE ONE:        APPELLANTS WERE AFFORDED DUE PROCESS …………… 17

ISSUE TWO:        APPELLANTS VIOLATED BANKRUPTCY RULE 9011
                     AND WERE APPROPRIATELY SANCTIONED………………..19

ISSUE THREE:     OKIN ADAMS HAD STANDING TO FILE THE 9011
                     MOTION AND PROTECT ITS RIGHTS AS A PRIORITY
                     CREDITOR………………………………………………………..21

CONCLUSION………………………………………………………………………...23

CERTIFICATE OF SERVICE…………………………………………………………...25

CERTIFICATE OF COMPLIANCE……………………………………………………...25

## TABLE OF AUTHORITIES

**CASES**

*ASARCO, Inc. v. Elliott Mgmt. (In re Asarco, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011) ..........................................................................................................6, 7

*Britton v. IBEW Local 520 (In re Williams)*, 337 F.3d 504, 508 (5th Cir. 2003) ......7

*Chambers v. NASCO, Inc.*, 501 U.S. 323 (1991) ........................................................4

*De Montaigu v. Ginther (In re Ginther Trusts)*, Adv. No. 06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22, 2006) ................................................3

*Educ. Credit Mgmt. Corp. v. Smith*, 2011 U.S. Dist. LEXIS 1113592, *7 (S.D. Tex. Sep. 30, 2011) .......................................................................................................7

*Goldman v. Trustcomm, Inc. (In re Skyport Global Communs.)*, 661 Fed. Appx. 835, 841 (5th Cir. 2016) ...........................................................................................22

*In re David*, 487 B.R. 843 (Bankr. S.D. Tex. 2013) ................................................19

*In re Dobbs*, 535 B.R. 675, 686 (Bankr. N.D. Miss. 2015) ....................................19

*In re Enron Corp.*, 2004 Bankr. LEXIS 2549 *253-54 (Bankr. S.D.N.Y. July 15, 2004) .......................................................................................................................22

*In re Southmark Corp.*, 163 F.2d 925, 930 (5th Cir. 1990) .......................................3

*In re Wynn*, 112 B.R. 9, 2 (N.D. Tex. 1990) ..............................................................1

*Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1992 (5th Cir. 1996) .........17

*Rollins v. Home Depot*, 8 F.4th 373, 397 (5th Cir. 2021) .....................................5, 6

iv

*Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011)...........4

*Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995)............................22

*United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005)..................................7

*United States Dept. of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89, 91 (5th Cir. 2003)............................................................................................................7

*Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1947 (2015).......................4

**STATUTES**

28 U.S.C. § 157....................................................................................................3

28 U.S.C. § 158....................................................................................................4

28 U.S.C. § 1334..................................................................................................3

11 U.S.C. § 1144........................................................................................ 10, 12, 20

**RULES**

Federal Rule of Bankruptcy Procedure 8014............................................................ ii

Federal Rule of Bankruptcy Procedure 8020....................................................2, 24

Federal Rule of Bankruptcy Procedure 9011............................................ 17, 19, 20

4872-5313-7704, v. 1

## PRELIMINARY STATEMENT

This appeal (the "Appeal") is just the latest installment in a series of frivolous appeals initiated by Camil Kreit and Samir Kreit (the "Doctors") with the assistance of their latest attorney, Azhar Chaudhary (collectively with the Doctors, the "Appellants"). Unfortunately, the frivolous nature of this Appeal is compounded by the fact that the Appellants designated the **entire docket** of the underlying bankruptcy case, consisting of over 23,000 pages of documents, for inclusion in the appellate record. By simply designating the entire docket, the "designation is so broad as to be burdensome, unreasonable, and useless" to this Court or the Appellees. *In re Wynn*, 112 B.R. 9, 2 (N.D. Tex. 1990). Indeed, such an "unreasonably broad designation amounts to no designation at all." *Id*. Given Appellants' "familiarity with the rules for bankruptcy court appeals, [their] failure to designate a usable record evidences indifference and bad faith" and constitutes grounds for dismissal of this Appeal. *Id.*

To make matters worse, their Appellants' Brief [ECF #10] ("Appellants' Brief") filed on July 1, 2022 does not contain a single citation to the actual record on appeal which they designated. Instead, Appellants have burdened this Court and Appellees with the task of searching through a voluminous appellate record to find their citations to the bankruptcy docket as they appear in the appellate record – a task which amounts to finding a needle in a haystack.

Given this Court's prior ruling [ROA 22684] under analogous circumstances, Appellee respectfully submits that further sanctions under Bankruptcy Rule 8020 are undoubtedly warranted because (i) Appellants are prosecuting a frivolous appeal; and (ii) in doing so, they have failed to comply with even the most basic requirements of the Bankruptcy Rules governing appellate practice.

## STATEMENT OF JURISDICTION

This particular Appeal arises from yet another Sanctions Order (defined below) entered against Appellants by the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court") on April 15, 2022 in the bankruptcy case styled *In re Cleveland Imaging and Surgical Hospital, L.L.C.* [Case No. 14-34974] (the "Bankruptcy Case").

On March 7, 2022, prior to entry of the Sanctions Order, the Bankruptcy Court issued a Memorandum Opinion Finding Sanctions Are Warranted (the "Memorandum Opinion") wherein it found that Appellants acted in bad faith and were in violation of certain final orders of the Bankruptcy Court because they filed a frivolous motion seeking relief which could not be granted – namely, vacating the Sale Order and Confirmation Order entered years ago. [ROA 22656 – 22668]. Accordingly, after notice and a hearing (the "Sanctions Hearing"), the Bankruptcy Court entered the Sanctions Order: (i) requiring Appellants to reimburse Okin

Adams, CISH Acquisition, LLC, and The Claro Group, LLC (collectively with Okin Adams, the "Appellees") for fees and expenses they incurred as a result of Appellants' severe and unremitting conduct; and (ii) further enjoining Appellants from future violations. [ROA 22779 – 22780]. The Bankruptcy Court had jurisdiction to enter the Sanctions Order pursuant to 28 U.S.C. §§ 157(a) and 1334(b). [April 15, 2022 Hrg. Tr. 63:13 – 15]. Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the Bankruptcy Code], or arising in or related to cases under title 11." District courts may, in turn, refer these proceedings to the bankruptcy judges for that district pursuant to 28 U.S.C. § 157. In the Southern District of Texas, General Order 2012-6 (entitled General Order of Reference) automatically refers all eligible cases and contested matters to the bankruptcy courts. Accordingly, the Bankruptcy Court had jurisdiction over the Bankruptcy Case because it was filed in the Southern District of Texas.

The Sanctions Hearing was a core proceeding pursuant to the general "catch-all" language of 28 U.S.C. § 157(b)(2) because it invoked a substantive right provided by chapter 11, title 11 of the United States Code (the "Bankruptcy Code") and could only arise in the context of the Bankruptcy Case. *In re Southmark Corp.*, 163 F.2d 925, 930 (5th Cir. 1990); *De Montaigu v. Ginther (In re Ginther Trusts)*, Adv. No. 06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22,

2006). Further, the Sanctions Hearing involved the Bankruptcy Court's inherent powers to enforce its own orders under federal law. *Chambers v. NASCO, Inc.*, 501 U.S. 323 (1991). As a result, the Bankruptcy Court had authority to enter the Sanctions Order as a final order. *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1947 (2015).

Appellants filed their Appellants' Brief on July 1, 2022 and failed to include a statement of jurisdiction as required by Bankruptcy Rule 8014(a)(4). However, based on their Notice of Appeal [ROA 22819 – 22821], Appellants invoke this Court's jurisdiction to hear the Appeal pursuant to 28 U.S.C. § 158(a) because the Sanctions Order was a final order of the Bankruptcy Court and there is no Bankruptcy Appellate Panel in this District. Appellee agrees that this Court has jurisdiction over the Appeal of the Sanctions Order pursuant to 28 U.S.C. § 158(a).

## STATEMENT OF ISSUES PRESENTED

Appellants have not properly preserved all issues raised in their Appellants' Brief. *Compare* Statement of Issues and Designation of Record on Appeal [ECF # 2] and Appellants' Brief [ECF # 10]. Specifically, (i) certain issues argued in the Appellants' Brief were never designated in their Statement of Issues and Designation of Record on Appeal; and (ii) Appellants now seek to argue certain issues that they failed to raise in the first instance at the Bankruptcy Court level.

4

*Rollins v. Home Depot*, 8 F.4th 373, 397 (5th Cir. 2021) (a party forfeits and argument by failing to raise it in the first instance in the trial court). Regardless, each of the issues in this Appeal are meritless, and the Court should affirm the Bankruptcy Court's Sanctions Order in its entirety.

The first issue presented in this Appeal is whether the Bankruptcy Court abused its discretion and violated Appellants' due process rights when imposing sanctions pursuant to Bankruptcy Rule 9011. As explained herein, Okin Adams and the other Appellees filed their 9011 Motions (defined below) in the Bankruptcy Case as a result of frivolous pleadings filed by Appellants. [ROA 22418 – 22591]. After giving Appellants multiple opportunities to respond or to withdraw their offensive pleadings, the Bankruptcy Court entered its Memorandum Opinion and subsequently the Sanctions Order finding sanctions were warranted. [ROA 22656 – 22668]. Appellants were afforded notice and a reasonable opportunity to respond, which is all that Bankruptcy Rule 9011 requires.

The next issues in this Appeal (Issues II through VI as presented in the Appellants' Brief) are all part and parcel of a singular issue because they each question "whether the Appellants engaged in sanctionable conduct" under Bankruptcy Rule 9011. [Appellants' Brief pp. 1–2.] Okin Adams will address these issues together in the substance of this Brief because they need not be briefed separately, and they each lead to the same conclusion – *i.e.*, the Bankruptcy Court

5

did not commit error or abuse its discretion by entering the Sanction Order. There is ample evidence in the record to support the Bankruptcy Court's findings and conclusions that Appellants clearly and intentionally violated Bankruptcy Rule 9011, and that sanctions were necessary and appropriate to remedy the violation.

Although not couched as a standing argument, the crux of the final issue in this Appeal (Issue VII in the Appellants' Brief) is whether Okin Adams had standing to seek relief pursuant to Bankruptcy Rule 9011 and whether compensatory sanctions were properly granted by the Bankruptcy Court to Okin Adams. Appellants did not raise this argument in the Bankruptcy Court before or during the Sanctions Hearing [ROA 23112 – 23182], and did designate it in their Statement of Issues on Appeal [ECF # 2]. Therefore, Okin Adams submits that the issue has been forfeited and waived in this Appeal. *Home Depot*, 8 F.4th at 397. Notwithstanding the waiver by Appellants, the record reflects that Okin Adams: (i) had standing to contest the frivolous Vacatur Motion filed by Appellants; (ii) had standing to file its own 9011 Motion against Appellants; and (iii) was properly awarded compensatory sanctions by the Bankruptcy Court pursuant to the Sanctions Order. As a result, the Bankruptcy Court did not abuse its discretion by granting necessary and appropriate compensatory sanctions to Okin Adams.

On Appeal, this Court reviews each of the Bankruptcy Court's conclusions of law, and mixed law and fact questions, under the *de novo* standard. *ASARCO,*

*Inc. v. Elliott Mgmt. (In re Asarco, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011). The Bankruptcy Court's findings of fact are reviewed by this Court for clear error. *United States Dept. of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89, 91 (5th Cir. 2003) (citing *Britton v. IBEW Local 520 (In re Williams)*, 337 F.3d 504, 508 (5th Cir. 2003)). Such findings of fact may only be reversed if this Court is left with a definite and firm conviction that the Bankruptcy Court erred in its findings. *ASARCO*, 650 F.3d at 601. "Under this standard, if the record supports more than a permissible interpretation of the facts, the Court accepts that lower court's interpretation of them, absent clear error." *Educ. Credit Mgmt. Corp. v. Smith*, 2011 U.S. Dist. LEXIS 1113592, *7 (S.D. Tex. Sep. 30, 2011) (quoting *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005)).

## STATEMENT OF THE CASE

### A.    General Background

Formed in or around 2002 in Texas, Cleveland Imaging and Surgical Hospital, L.L.C. (the "Debtor") owned and operated a medical facility (the "Hospital") in Cleveland, Texas. [ROA 9663]. The Debtor filed a voluntary petition for relief with the Bankruptcy Court on September 4, 2014 (the "Petition Date"). [ROA 111 – 113; 9663].

The Bankruptcy Court entered its order approving the sale of the Debtor's assets (the "Sale Order") on August 21, 2015. [ROA 3701 – 3727; 9667 – 9668].

7

The Sale Order was never appealed by any party, including the Doctors, and became a final, non-appealable order on September 8, 2015.  [ROA 9668].

The Debtor filed its Third Amended Plan of Liquidation (the "Plan") on May 4, 2016.  [ROA 6106 – 6151; 9670]. The Bankruptcy Court overruled the Doctors' objection to the Plan and entered an Order Confirming the Plan (the "Confirmation Order") on June 29, 2016.  [ROA 6881; 9670]. No appeals from the Confirmation Order were filed and the Plan became effective on July 14, 2016. [ROA 7035; 9670 – 9671; 9695].

In order to confirm the Plan, the Debtor's counsel, Okin Adams, agreed to defer payment of its professional fees which would otherwise constitute administrative expenses, and instead get paid at a later date as a priority creditor of the Trust.  [ROA 6893; 6929; April 15, 2022 Hrg. Tr. 35:17 – 36:6].  Presently, Okin Adams remains unpaid on account of its claim and is one of the largest creditors of the Trust.  *Id*.

B.    **The Doctors' Actions Since the Petition Date**

Approximately two months after the closing of the sale of the Hospital to a rival bidder, the Doctors began a prolonged crusade that has, on multiple occasions, resulted in them being sanctioned for an inappropriate and frivolous behavior in proceedings before the Bankruptcy Court, including collaterally attacking final orders, attempting to assert control over property of the estate in

violation of the automatic stay imposed by section 362 of the Bankruptcy Code, and filing pleadings seeking relief that they knew could not be granted. [ROA 9432 – 9434; 9668 – 9672; 9697; 22671 – 22673; 22765 – 22766].

The Doctors' appeals of prior sanctions orders entered by the Bankruptcy Court reached the highest levels of the federal court system. [ROA 9668 – 9672; 22671 – 22673]. The United States Court of Appeals for the Fifth Circuit (the "Fifth Circuit") has twice upheld this Court's decisions in those appeals and vindicated the rulings of the Bankruptcy Court. *Id*. The Supreme Court of the United States has even denied a petition for grant of a *writ of certiorari*. *Id*.; *see also* ROA 9701.

Despite all of this, the Doctors have never lost sight of their goal to undo the Bankruptcy Court's sale of the Hospital. [ROA 9676; 9680 – 9685; 22670 – 22673]. To that end, the Doctors have hired and fired numerous attorneys in the last seven years, including Appellant Azhar Chaudhary, and have forced the Debtor's estate and Appellee to expend significant time and resources defending against their recurring attacks on the Bankruptcy Court's orders. [ROA 9699; 22671]. This Court, the Bankruptcy Court, and Appellee are now, unfortunately, very familiar with the Doctors' unrelenting efforts to undo the Sale Order. *Id*.

## C.  **Events Leading to Sanctions Order and this Appeal**

The Bankruptcy Court's Memorandum Opinion succinctly recites the sequence of events which ultimately led to the Sanctions Hearing and entry of the Sanctions Order. [ROA 22669 – 22673]. As the Bankruptcy Court explains, the Doctors filed a motion in August 2021 seeking to vacate the Sale Order and the Confirmation Order. *Id*. The Doctors alleged these orders were procured through a "massive fraud" on the Court. *Id*. The Doctors' motion was signed by their lawyer, Azhar Chaudhary. *Id*.

On August 27, 2021, Okin Adams, in its capacity as a priority creditor, filed a motion seeking summary denial of the Doctors' motion to vacate on grounds that the motion was frivolous and failed to meet applicable pleading standards. [ROA 19902 – 19921].

On August 30, 2021, the Court entered its Case Management Order requiring the Doctors to amend their motion. [ROA 19939 – 19940]. Among other things, the Court specifically required any amended pleading filed by the Doctors to comply with Bankruptcy Rule 7009's requirement to plead fraud with particularity and to provide authority demonstrating that the Confirmation Order could be vacated on a motion filed by a party-in-interest after the strict time limits imposed by section 1144 of the Bankruptcy Code. *Id*. The Case Management Order further set various briefing deadlines. *Id*.

The Doctors filed a second amended motion to vacate (the "Vacatur Motion") within the deadline, as extended, set forth in the Case Management Order. [ROA 20048 – 20099].

On September 29, 2021, Okin Adams transmitted its first safe harbor letter to counsel for the Doctors, Mr. Chaudhary, in accordance with Bankruptcy Rule 9011(c)(1) and the Bankruptcy Court's Case Management Order. [ROA 20165 – 20166]. The Doctors did not amend or withdraw their Vacatur Motion. Accordingly, on November 3, 2021, Okin Adams filed its first Motion for Sanctions Pursuant to Bankruptcy Rule 9011. [ROA 20143 – 20163]. No response to the motion was filed by the Doctors. [ROA 22669].

On November 26, 2021, the Bankruptcy Court, out of an abundance of caution, entered its second Case Management Order. [ROA 22410]. In accordance therewith, Okin Adams served a second safe harbor letter to the Appellants. [ROA 22554 – 22556; 22580 – 22588]. Okin Adams then timely filed its amended Motion for Sanctions Pursuant to Bankruptcy Rule 9011. [ROA 22529 – 22551]. Appellees CISH Acquisition, LLC and The Claro Group, LLC also responded to the Doctors' Vacatur Motion with their own motions for sanctions under Bankruptcy Rule 9011 (collectively, the "9011 Motions"). [ROA 22453 – 22480; 22484 – 22501].

4872-5313-7704, v. 1

In sum, the 9011 Motions filed by Appellees contended that: (1) the Bankruptcy Court's prior rulings foreclosed the Doctors' request for vacatur; (2) the Doctors' request was time barred by section 1144 of the Bankruptcy Code; and (3) the Doctors' allegations lacked evidentiary support. [ROA 22657].

The Bankruptcy Court explicitly afforded Mr. Chaudhary an opportunity to withdraw the Vacatur Motion. *Id*. The Vacatur Motion violated Rule 9011 and was not withdrawn following compliance with Bankruptcy Rule 9011's safe harbor provisions by Okin Adams and the other Appellees. *Id*. Therefore, on March 7, 2022 the Bankruptcy Court entered its Memorandum Opinion which, among other things, set forth in detail the Doctors' history of vexatious litigation and collateral attacks, explained why the Vacatur Motion was an obvious violation of Bankruptcy Rule 9011, and concluded that sanctions were undoubtedly warranted. [ROA 22656 – 22668].

At the conclusion of its Memorandum Opinion, the Bankruptcy Court set the Sanctions Hearing for April 15, 2022 and thus provided all parties with ample notice of the date and time of the Sanctions Hearing. [ROA 22667; April 15, 2022 Hrg. Tr. 63:21 – 24]. In the meantime, the Bankruptcy Court urged the Appellants to begin ameliorating the damage they caused in hopes of minimizing the required sanctions. [ROA 22667].

4872-5313-7704, v. 1

In more than a month between entry of the Memorandum Opinion and the date of the Sanctions Hearing, the Appellants took no action to ameliorate the damage. The Sanctions Hearing proceeded as scheduled on April 15, 2022. [ROA 23112]. All parties were allowed to introduce evidence at the Sanctions Hearing. [April 15, 2022 Hrg. Tr. 63:21 – 24]. Appellants did not introduce any evidence at the Sanctions Hearing. [April 15, 2022 Hrg. Tr. 60:7 – 14].

At the conclusion of the Sanctions Hearing, the Bankruptcy Court found and concluded that monetary sanctions in the form of compensatory damages to Appellees was appropriate. [April 15, 2022 Hrg. Tr. 63:25 – 64:5]. Further, because the Appellants' outrageous conduct "has not come to an end and is not planning to come to an end," the Bankruptcy Court granted non-monetary relief in the form of a permanent injunction prohibiting Appellees from future collateral attacks on Bankruptcy Court orders. [April 15, 2022 Hrg. Tr. 66:10 – 67:9]. Finally, the Bankruptcy Court ordered the total amount of $138,894.58 to be deposited into the registry of the court and to be held by clerk for a period of three years. [April 15, 2022 Hrg. Tr. 67:10 – 68:13]. In the event of any future violations, the Bankruptcy Court would then hold a hearing, determine the violation, and the appropriate amount of sanctions which could then be paid from registry of the court. *Id*. However, the Bankruptcy Court expressly stated that it was not liquidating the amount of appropriate sanctions for future violations, but

4872-5313-7704, v. 1

was using the sanctions amount as a reasonable estimate of damages that future violation by the Doctors might cause. *Id*. The Sanctions Order was then entered by the Bankruptcy Court on April 15, 2022. [ROA 22765 – 22766].

On May 2, 2022, Appellants paid the amount of $141,236.05 into the registry of the Bankruptcy Court. [ROA 108]. However, Appellants did not pay the required compensatory sanctions due to each of the Appellees, and such sanctions remain unpaid to date. [ROA 22832 – 22837]. Also on May 2, 2022, Appellants filed their Emergency Motion for a Stay Order Pending Appeal setting forth several of the same issues they now raise in this frivolous Appeal. [ROA 22824 – 22829]. The Bankruptcy Court entered its Order Denying Motion for Stay Pending Appeal on May 18, 2022. [ROA 23104 – 23105]. Among other things, the Bankruptcy Court explained why Appellants "have little hope of succeeding on their appeal" and refuted Appellants' frivolous assertions that they were not afforded due process. *Id*.

## SUMMARY OF THE ARGUMENT

Appellants designated five (5) issues on appeal, but then briefed seven (7) issues. Several of the issues argued in Appellants' Brief are obviously different than the issues they actually preserved for review. To the extent any of their issues were even properly preserved, they are certainly meritless. This Court should affirm the Bankruptcy Court's Sanctions Order.

4872-5313-7704, v. 1

A.     **Appellants Were Afforded Due Process.**

In their first issue on appeal, Appellants argue the Bankruptcy Court abused its discretion by entering the Memorandum Opinion finding sanctions were warranted without affording Appellants a hearing.  Their arguments fail for a multitude of reasons.  First, sanctions under Bankruptcy Rule 9011 may be imposed without a hearing, and due process does not demand an actual hearing. Further, the hearing that Appellants claim they were denied was one at which they would attempt to relitigate issues that had long since been decided.  [ROA 23104]. As the Bankruptcy Court explained, there were no factual disputes as to whether sanctions should be imposed, or the resolution of which otherwise necessitated an evidentiary hearing.  *Id*.

With respect to the Bankruptcy Court's decision to impose sanctions, Appellants received more than one opportunity to justify their conduct or withdraw their offending pleadings.  They declined to do so.  Appellants were also afforded an evidentiary hearing on the form of sanctions imposed.  There, Mr. Chaudhary "doubled down" on the sanctionable conduct.  [ROA 23104].  In sum, the Bankruptcy Court's imposition of sanctions complied with due process, and the Bankruptcy Court did not abuse its discretion in entering the Sanctions Order.

4872-5313-7704, v. 1

**B.** **Appellants Violated Bankruptcy Rule 9011 and Were Appropriately Sanctioned.**

The next issues raised by Appellants ask whether they engaged sanctionable conduct and were properly sanctioned by the Bankruptcy Court. The record in this Appeal makes abundantly clear that: (i) the Bankruptcy Court correctly found and concluded that Appellants engaged in sanctionable conduct; and (ii) that the Bankruptcy Court fashioned reasonable and appropriate sanctions under Bankruptcy Rule 9011. This Court should not countenance Appellants' absurd behavior, and should uphold the Bankruptcy Court's findings and conclusions by affirming the Sanctions Order.

**C.** **Okin Adams Had Standing to File the 9011 Motion and Protect Its Rights as a Priority Creditor.**

Finally, Appellants argue that Okin Adams could not "invoke sanctions" and that the Bankruptcy Court could not grant sanctions to Okin Adams because Appellants did not expressly accuse Okin Adams of committing fraud in their Vacatur Motion. Appellants misunderstand the concept of standing, and fail to cite any case law or record excerpts in support of their position because there is no basis in law or fact that could support such a frivolous argument. The Bankruptcy Court correctly found and concluded that Okin Adams should be awarded reasonable and necessary compensatory damages of $90,293.50 because this

amount was "directly linked" to Appellants' intentional violations of Bankruptcy Rule 9011. [April 15, 2022 Hrg. Tr. 66:4-6].

## ARGUMENT

## ISSUE ONE: APPELLANTS WERE AFFORDED DUE PROCESS

Appellants argue the Bankruptcy Court abused its discretion in assessing sanctions under Bankruptcy Rule 9011 without affording them a hearing. Their arguments miss the mark entirely, and this Court must affirm the Bankruptcy Court's Sanctions Order.

As a threshold matter, it is beyond dispute that the plain language of Bankruptcy Rule 9011(c) does not mandate a hearing. Sanctioned parties need only receive a reasonable opportunity to respond to requests for sanctions. FED R. BANKR. P. 9011(c) ("If, *after notice and a reasonable opportunity to respond*, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction . . . ." (emphasis added)). Thus, the Bankruptcy Court had the requisite authority to impose sanctions without first holding a hearing on whether a violation has occurred. *See Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1192 (5th Cir. 1996) ("Although the district court never conducted an evidentiary hearing on the award or the amount of sanctions, *due process does not demand an actual hearing*. In Rule 11 cases, the opportunity to respond through

written submissions usually constitutes sufficient opportunity to be heard." (emphasis added)).

Appellants are merely attempting to create an issue where one does not exist. As the Bankruptcy Court explained in its Order Denying Stay:

> The hearing that the [Appellants] claim they were denied was one at which they could relitigate issues long-since decided. (*See* ECF No. 1166 at 1). [Appellants] never offered any factual support for their current conduct. Accordingly, there were no factual disputes—as to whether sanctions should be imposed—the resolution of which necessitated an evidentiary hearing.

[ROA 23104].

As set forth herein, the record clearly supports the Bankruptcy Court's findings and conclusions that sanctions were warranted. The Bankruptcy Court afforded Appellants multiple opportunities to amend their offensive pleadings, take other corrective action, or respond to Appellees' 9011 Motions through their own written submissions to the Bankruptcy Court.

After providing ample notice and reasonable opportunity to respond as required by Bankruptcy Rule 9011, the Bankruptcy Court determined on the face of the pleadings that an egregious violation had occurred and therefore entered the Memorandum Opinion explaining in detail why sanctions were warranted. Appellants were certainly afforded due process under the circumstances, and their first issue in this Appeal fails as a matter of law. Accordingly, this Court should affirm the Bankruptcy Court's decision to enter the Sanctions Order.

18

**ISSUE TWO:    APPELLANTS VIOLATED BANKRUPTCY RULE 9011 AND WERE APPROPRIATELY SANCTIONED**

The next issues in this Appeal (Issues II through VI as presented in the Appellants' Brief) are addressed jointly by Okin Adams in this section. Appellants broadly assert that they did not engage in sanctionable conduct and that they were improperly sanctioned by the Bankruptcy Court. As explained herein, the Bankruptcy Court did not commit reversible error by sanctioning Appellants for their egregious and unrelenting conduct in violation of Bankruptcy Rule 9011.

Bankruptcy Rule 9011(b) states (in pertinent summation) that by presenting a signed petition to the court, an attorney or unrepresented party certifies to the court that to the best of the attorney's knowledge, formed after a reasonable inquiry, that (1) the petition is not being presented for an improper purpose; (2) that the legal contentions are warranted by existing law; and (3) that the factual allegations have evidentiary support. FED. R. BANKR. P. 9011(b); *In re Dobbs*, 535 B.R. 675, 686 (Bankr. N.D. Miss. 2015). Those who violate Bankruptcy Rule 9011(b) may then be sanctioned under Bankruptcy Rule 9011(c). FED. R. BANKR. P. 9011(c); *In re David*, 487 B.R. 843 (Bankr. S.D. Tex. 2013).

Specifically, Bankruptcy Rule 9011(c) permits a party to seek sanctions against an opposing party allegedly violating Bankruptcy Rule 9011(b). *Id.* As a mandatory procedural prerequisite to sanctions, however, parties seeking sanctions must comply with Bankruptcy Rule 9011's "safe harbor" provision designed to

allow for voluntary correction of the alleged violation within a set timeframe. *See* FED. R. BANKR. P. 9011(c)(1)(A) (a motion for sanctions under Bankruptcy Rule 9011 may not be filed with the court unless 21 days have elapsed since service of the motion, and the offending party has not withdrawn or corrected the violations).

Here, Appellants filed their original Vacatur Motion in August 2021 seeking to vacate final orders of the Bankruptcy Court entered more than five years ago. [ROA 22656]. As to vacating the Confirmation Order, the relief they sought was expressly time barred by section 1144 of the Bankruptcy Code. [*See* ROA 22661 (the Vacatur Motion "missed the deadline by 1,695 days")]. As to the Sale Order, the relief was clearly barred by the doctrine of *res judicata*. [ROA 22662]. Not only was the Vacatur Motion patently frivolous on its face, but it also contained serious and scurrilous allegations accusing various parties, including respected bankruptcy professionals, of committing fraud in the Bankruptcy Case. [ROA 22656].

As a result, Okin Adams and the other Appellees complied with Bankruptcy Rule 9011 by transmitting safe harbor letters to Appellants and affording them an opportunity to withdraw their Vacatur Motion. After Appellants failed to respond or withdraw the Vacatur Motion, Appellees filed their 9011 Motions with the Bankruptcy Court and sought appropriate sanctions. As the Bankruptcy Court explained regarding its decision to grant the 9011 Motions and impose sanctions:

20

[Appellants] received more than one opportunity to justify their conduct or withdraw the offending pleadings. (ECF Nos. 1121, 1149, 1158). They declined. [Appellants] were also afforded an evidentiary hearing on the form of sanctions imposed. (ECF Nos. 1158 at 12). There, Mr. Chaudhary doubled down on [Appellants'] sanctionable conduct. The Courts' imposition of sanctions complied with due process. [Appellants] have little hope of succeeding on their appeal.

[ROA 23104 – 23105].

The Bankruptcy Court clearly had the requisite authority under the Bankruptcy Code and applicable Fifth Circuit law to sanction Appellants. There is ample evidence in the record to support the Bankruptcy Court's findings and conclusions, both in the Memorandum Opinion and at the subsequent Sanctions Hearing, that the Appellants ran afoul of Bankruptcy Rule 9011 by filing the Vacatur Motion seeking relief which they knew could not be granted as a matter of law. Accordingly, this Court should uphold the Bankruptcy Court's findings and conclusions affirm the Sanctions Order in its entirety.

**ISSUE THREE:** **OKIN ADAMS HAD STANDING TO FILE THE 9011 MOTION AND PROTECT ITS RIGHTS AS A PRIORITY CREDITOR**

In their final issue on Appeal, Appellants assert that Okin Adams was "erroneously granted sanctions" because it "was not a party to the case." In their view, because Okin Adams "was not designated as a perpetrator of the fraud" in the Vacatur Motion, it could not seek sanctions against Appellants. This argument is frivolous and fails on its face. As set forth herein, Appellants cannot

demonstrate that the Bankruptcy Court abused its discretion and committed reversible error by issuing compensatory sanctions to Okin Adams.

 "Civil contempt … can be used to compensate a party who has suffered unnecessary injuries or costs because of contemptuous conduct." *Goldman v. Trustcomm, Inc. (In re Skyport Global Communs.)*, 661 Fed. Appx. 835, 841 (5th Cir. 2016) (citing *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995)).

Okin Adams is a priority creditor by virtue of the Plan and Confirmation Order. [April 15, 2022 Hrg. Tr. 35:17 – 36:6]. Through the Vacatur Motion, the Appellants sought to have the Confirmation Order vacated. [ROA 22674]. The relief sought by Appellants by filing the Vacatur Motion directly impacted the rights of Okin Adams in this Bankruptcy Case. Thus, Okin Adams had standing to vindicate its own legal rights. *In re Enron Corp.*, 2004 Bankr. LEXIS 2549 *253-54 (Bankr. S.D.N.Y. July 15, 2004). Based on the evidence presented by Okin Adams at the Sanctions Hearing, the Bankruptcy Court determined that the fees and expenses incurred by Okin Adams were "directly linked" to the egregious conduct of the Appellants and therefore awarded Okin Adams appropriate compensation. [April 15, 2022 Hrg. Tr. 66:4-6]. Accordingly, the Court should affirm the Bankruptcy Court's findings that it had authority to award compensatory sanctions to Okin Adams and uphold the Sanctions Order in its entirety.

4872-5313-7704, v. 1

## CONCLUSION

In sum, the authority and decision of the Bankruptcy Court to enter the Sanctions Order must be affirmed because Appellants have failed to demonstrate that the Bankruptcy Court committed clear error with respect to any of the issues raised in this frivolous Appeal. Appellants would have this Court believe that all of their arguments amount to a good faith basis for filing the Vacatur Motion. As the Bankruptcy Court explained, however, Appellants knew such relief could not be granted and were seeking to "detonate" this Bankruptcy Case more than six years after it has reached its conclusion. [*See* ROA 22677 at fn.4]. In reality, the record is abundantly clear that the Doctors, with the assistance of Chaudhary, simply desire to continue their unrelenting and frivolous collateral attacks on Bankruptcy Court orders in an effort to undo the sale of the Hospital. As the Bankruptcy Court stated in its Memorandum Opinion, "[i]t is time for this litigation to end" [ROA 22673], and Appellants need to "come to terms with their conduct (and the fact that this litigation is *over*)." [ROA 22681 (emphasis in original)].

There is ample evidence in the record for this Court to uphold the Bankruptcy Court's findings and conclusions regarding the Memorandum Opinion and the Sanctions Order. Further, Okin Adams respectfully submits that the continued prosecution of this Appeal is wholly without merit and should subject

Appellants to further sanctions pursuant to Bankruptcy Rule 8020. FED. R. BANKR. P. 8020(a) (providing for damages and costs to appellees in responding to frivolous appeals).

WHEREFORE, PREMISES CONSIDERED, Appellee respectfully requests that this Court enter an order: (i) affirming the Bankruptcy Court's Sanctions Order and (ii) granting Appellee such other and further relief to which it may be justly entitled.

Dated: July 28, 2022.

OKIN ADAMS BARTLETT CURRY LLP

*/s/ David L. Curry, Jr.*
Matthew S. Okin
Texas Bar No. 00784695
David L. Curry, Jr.
Texas Bar No. 24065107
Email: dcurry@okinadams.com
Ryan A. O'Connor
Texas Bar No. 24098190
Email: roconnor@okinadams.com
1113 Vine Street, Suite 240
Houston, Texas 77002
Telephone: (713) 228-4100
Facsimile: (346) 247-7158

4872-5313-7704, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2022, a true and correct copy of the foregoing Appellee's Brief was served via the Court's CM/ECF system on all parties consenting to service through the same, and on Appellants via first class United States Mail, postage prepaid, at the addresses listed below.

*/s/ David L. Curry, Jr.*
David L. Curry, Jr.

Appellants Camil Kreit, Samir Kreit and Azhar Chaudhary
c/o Azhar Chaudhary
Azhar Chaudhary Law Firm, P.C.
440 Louisiana Street, Suite 948
Houston, Texas 77002
attorney@chaudharyjd.com

## CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitation of FED. R. BANKR. P. 8015(a)(7)(B) because:

This brief contains 5,266 words, excluding the parts of the brief exempted by FED. R. BANKR. P. 8015(g).

2.     This brief complies with the typeface requirements of FED. R. BANKR. P. 8015(a)(5) and the type-style requirements of FED. R. BANKR. P. 8015(a)(6) because:

This brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman in font size 14 for the text and in font size 13 for the footnotes, if any.

*/s/ David L. Curry, Jr.*
David L. Curry, Jr.

4872-5313-7704, v. 1